ROBERT GARDNER vs. JOSIAH NUTE & Trustee.

The certificate of an insolvent debtor's discharge is not conclusive evidence of the facts therein stated; but, when offered in evidence, the court may look into the record of the proceedings in insolvency, in order to determine whether the certificate was properly granted.

The assignment of an insolvent debtor was made on the 16th of May, 1846, and the assets were not sufficient to pay fifty per cent of the claims proved; on the 14th of November following, a meeting of the creditors was held, at which, it not appearing that a majority in value had expressed their dissent to the debtor's being discharged, it was ordered, by the judge of probate, that the debtor be discharged, and that a certificate issue accordingly, (and one was so issued,) bearing date November 17th, 1846; on the 16th of November, a creditor filed his dissent, which, with the dissents previously expressed, amounted to more than a majority in value of the creditors, who had proved their claims, but the judge refused to receive the same, on the ground, that it should have been filed at the meeting on the 14th : It was held, that the certificate of discharge was granted within six months after the assignment; that it was not necessary that the dissent of a creditor should be filed at a meeting of creditors; that the dissent filed on the 16th November, though rejected by the judge, was properly and sufficiently filed on that day; and, consequently, that the certificate of discharge, issued as above, was void.

THIS was an action originally commenced before a justice of the peace, to recover the balance due on a promissory note. Judgment having been rendered by the justice in favor of the defendant, the plaintiff appealed to the court of common pleas. At the trial in the latter court, the defendant relied in defence upon a certificate of discharge in insolvency, which recited that a majority in value of the creditors, who had proved their claims, although six months had elapsed since the date of the assignment, had not signified their dissent to the discharge of the debtor. The plaintiff, in order to show that the statement in the certificate was untrue, introduced in evidence a certified copy of the record of the proceedings in insolvency. The defendant objected to the introduction of the copy of the record, or of any other evidence tending to contradict the facts stated in the certificate, and contended that these facts had been adjudicated upon by the judge of probate, by whom the discharge was granted, that the adjudication thereof was conclusive, and that the matter could not be inquired into in this suit.

The only objections, made by the plaintiff to the discharge, and to prove which the copy of the record was introduced, were, that the assets of the insolvent, not having paid fifty per cent of the claims proved against his estate, a majority in value of the creditors, who had proved their claims, objected to the discharge within six months from the date of the assignment ; and also that the certificate was granted within six months from the date of the assignment.

The contents of the record, which were relied upon by the plaintiff to show the invalidity of the certificate, are sufficiently stated in the opinion of the court.

*J. F. Woodside*, for the plaintiff.

*W. Gaston*, for the defendant.

FLETCHER, J.    This was an action to recover a balance on a promissory note.    The defendant pleaded a discharge in insolvency.    It was objected to the certificate, that a majority in value of the creditors, who had proved their claims, dissented from the discharge within six months from the date of the assignment, and that the discharge was granted within six months.

The first question is, whether the court can go behind the certificate and look into the record.    The court have no doubt, upon this question, that the certificate is not conclusive of the facts recited ; but that the court may go behind the certificate, and look into the record.    The certificate may be impeached upon a variety of grounds, both by what appears upon the record, and by other matters.    The record makes a part of this case, and is submitted to the inspection and instruction of the court.    By the record, it appears, that the assignment was on the 16th of May, 1846.    The six months therefore expired on the 16th of November, 1846.    Now it is said, that the discharge was granted on the 14th of November, which was within the six months, and, on looking into the record, it appears that there was a meeting of creditors on the 14th of November, and at that meeting and at that date, there is after a recital this record : " It is thereupon ordered, that said debtor be discharged from the claims and

demands of his creditors, and that a certificate issue accordingly bearing date November 17th, 1846." This is the record of an absolute decree of discharge before the expiration of the six months, and at that time a majority in value of the creditors had not dissented. But, on the 16th, which was within the six months, William Flagg, assignee of Seth Drury, and Seth Drury himself, who was a creditor, filed their dissent in writing; which was rejected on two grounds, first, because it was not filed at the meeting on the 14th, and, second, because there was not evidence enough to satisfy the judge, that Flagg signed the paper.

The court are clearly of opinion, that the judge erred in requiring the dissent to be filed at a meeting, and that the dissent was properly filed on the 16th; and, as that reason would render it useless to prove the signature, which objection might have been otherwise removed, coupling the two reasons together, the court think the dissent of Flagg and Drury on the 16th was improperly rejected, and as if received, there would have been one half in value of the creditors who dissented, that for these reasons, the discharge is invalid. See *Eastman* v. *Hillard*, 7 Met. 428.

*Judgment of the court of common pleas set aside.*